IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GOLY YOUNG,                        )
                                   )
            Plaintiff,             )        8:08CV508
                                   )
      v.                           )
                                   )
NEBRASKA ITS SECRETARY OF          )        MEMORANDUM OPINION
STATE APPEALS COURT, SUPREME       )
COURT OF NEBRASKA, GOVERNOR        )
OF NEBRASKA,                       )
                                   )
            Defendants.            )
_____)
```

This matter is before the Court on its own motion. On November 21, 2008, plaintiff filed an unsigned complaint and a motion for leave to proceed in forma pauperis (Filing Nos. 1 and 2). Neither of these documents included plaintiff's address. Consequently, the clerk of the court was unable to send plaintiff a notice of deficiency regarding the unsigned complaint. (*See* Docket Sheet.)

Federal Rule of Civil Procedure 11 states that "every pleading . . . must be signed by at least one attorney of record . . . or by the party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Plaintiff, who is proceeding *pro se*, failed to sign his complaint. However, because plaintiff failed to provide the Court with his address, the Court was unable to call this signature deficiency to plaintiff's attention.

More than a month has passed since plaintiff filed the complaint, yet plaintiff still has not provided the Court with his address. Federal Rule of Civil Procedure 41(b) provides that a court can, in its own discretion, dismiss an action based on a plaintiff's failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986). This power to dismiss may be exercised to achieve the orderly and expeditious disposition of cases. *See, e.g., Hejl v. State of Tex.*, 664 F.2d 1273, 1274 (5th Cir. 1982). Because plaintiff has not provided the Court with his address or signed the complaint, this matter cannot proceed. Accordingly, this case will be dismissed without prejudice. A separate order will be entered in accordance with this memorandum opinion.

DATED this 6th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court